A ORIGINAL

Jerry J. Jarzombek, Esq.
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 fax

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2008 OCT -8 PM 3: 26

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PRIMO SANCHEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GLOBAL ACCEPTANCE CREDIT COMPANY, L.P.,<br><br>　　　　Defendant. | Civil Action No.<br><br>4-08-JV-605-A<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices) |

**Preliminary Statement**

　　1.　　Plaintiff, Primo Sanchez ("Sanchez") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.

2. Defendant, Global Acceptance Credit Company, L.P. ("Global") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported consumer obligation. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Global claims to have acquired the Debt. If so, the Debt was acquired after default, for the purpose of collection.

### Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

### Parties

5. Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6. Global is an entity engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Global's business is the collection of consumer debts which it has acquired, after default. Global does not extend credit to any of the consumers whose debt it acquires. Rather, the sole purpose of the acquisition of these defaulted debts is their collection, for profit. Global is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex.

Finance Code § 392.001(6). Global is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

## Factual Allegations

7.     On or about October 24, 2007, Global filed suit in the Justice court, Precinct 1, of Tarrant County, Texas, under Cause No. C00015206 (the "State Court Case"). Said suit was styled *Global Acceptance Credit Corp. v. Primo Sanchez.*

8.     Global Acceptance Credit Corp. did not exist on October 24, 2007. The named corporation had changed to a limited partnership on June 30, 2006, according to documents filed with the Secretary of State of Texas.

9.     In the State Court Case, Global claimed it was entitled to judgment based on various causes of action, including unjust enrichment and money had and received, which are subject to a two-year limitation period. Attached to the October 24, 2007 filing was an affidavit dated September 18, 2007, that stated that the Plaintiff last made a payment on "December 11, 2003 and as such, the statute of limitations has not run on this account." Global also claimed that it was entitled to recover on a theory of "sworn account."

10.    On or about December 10, 2007, Global filed "Plaintiff's First Amended Petition" in the State Court case. In the amended pleading, Global changed its name to "Global Acceptance Credit Company, L.C."

11.    On information and belief, there was no entity in the State of Texas known as "Global Acceptance Credit Company, L.C." on December 10, 2007.

12. On or about December 14, 2007, Global filed another pleading designated as "Plaintiff's First Amended Petition" in the State Court case. In the amended pleading, Global changed its name back to "Global Acceptance Credit Corp."

13. Global Acceptance Credit Corp. did not exist on December 14, 2007. The named corporation had changed to a limited partnership on June 30, 2006, according to documents filed with the Secretary of State of Texas.

14. On or about September 29, 2008, Global filed another pleading designated as "Plaintiff's Amended Petition" in the State Court case. In the amended pleading, Global changed its name to "Global Acceptance Credit Company, L.P." This is the first time Global named itself correctly in the State Court Case.

15. Attached to the September 29, 2008 pleading is an affidavit dated September 29, 2008, that stated that the Plaintiff last made a payment on "December 11, 2003 and as such, the statute of limitations has not run on this account."

16. After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that:

    a. Global Acceptance Credit Corp. did not exist on October 24, 2007;

    b. Causes of action for unjust enrichment and money had and received were barred by limitations as of October 24, 2007;

    c. A suit on a sworn account cannot be used to collect the type of debt Global has sought to collect;

      d.    Global Acceptance Credit Company, L.C. never existed on December 10, 2007, nor purchased any indebtedness of the Plaintiff;

      e.    Global Acceptance Credit Corp. did not exist on December 14, 2007;

      f.    All causes of action asserted by Global, who finally named itself properly on September 29, 2008, were barred by limitation as of September 29, 2008.

      g.    Global's affidavit dated September 29, 2008 falsely states that the account made the basis of the State Court Case is not barred by limitations;

      h.    Global's affidavit dated September 29, 2008 makes a legal conclusion, when Susan Malcolm is not licensed to practice law in Texas.

17.    After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that Defendant was aware of the groundless nature of the State Court Case, and elected to prosecute the case without regard for the meritless allegations in its pleadings.

18.    Plaintiff incurred attorney's fees in the defense of the frivolous State Court Case.

19.    The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, attorneys or employees acting at all times relevant hereto within the scope of that relationship.

20.    The foregoing acts and omissions of the Defendant were undertaken willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

21. The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

## First Claim for Relief

22. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the a. following:

   a. In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included:

      i. Making false representations as to its existence as a corporation;

      ii. Making false representations as to its existence as an "L.C.";

      iii. Making false representations as to the viability of a cause of action for unjust enrichment or money had and received, when those causes of action were barred by limitation;

      iv. Making false representations as to the viability of any causes of action on September 29, 2008, as all causes of action were barred by the four-year statute of limitations.

   b. In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

   c. In violation of 15 U.S.C. § 1692e(5) and the "least sophisticated consumer standard," the Defendant threatened to take an action (and took such an action) which cannot legally be taken or that is not intended to be taken.

   d. In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included:

    i.  Making false representations as to its existence as a corporation;

    ii.  Making false representations as to its existence as an "L.C.";

    iii.  Making false representations as to the viability of a cause of action for unjust enrichment or money had and received, when those causes of action were barred by limitation;

    iv.  Making false representations as to the viability of any causes of action on September 29, 2008, as all causes of action were barred by the four-year statute of limitations.

23. Under 15 USC § 1692k, the Defendant's violations of the FDCPA render it liable to Plaintiff for actual damages, statutory damages, declaratory relief, costs, and reasonable attorney's fees.

## Second Claim for Relief

24. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

  a. In violation of Tex. Fin. Code § 392.301(a)(8), Defendant threatened to take (and/or did take) an action prohibited by law.

  b. In violation of Tex. Fin. Code § 392.304(a)(1), the Defendant used other than the true business or professional name of the debt collector while engaging in debt collection.

  c. In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character of a consumer debt.

  d. In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the status of a debt in a judicial proceeding.

  e. In violation of Tex. Fin. Code § 392.304(a)(19), Defendant used false representations and deceptive means to collect a consumer debt.

25. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA it liable to Plaintiff for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Third Claim for Relief

26. The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs. Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

27. Under Tex. Bus. & Com. Code Ann. § 17.46(b)(25), Global used the term "corporation" (or an abbreviation thereof) in the name of a business or entity that was not incorporated under the laws of the State of Texas (or any other jurisdiction).

28. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA it liable to Plaintiff for injunctive relief, and reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Declare that Defendant's actions violate the FDCPA, the TDCA and the DPTA.

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3. Enter judgment in favor of Plaintiff and against Defendant for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403

4. Grant such further relief as deemed just.

Respectfully submitted,

_____
Jerry J. Jarzombek
Texas Bar No. 10589050

714 W. Magnolia Avenue
Fort Worth, Texas 76104
Voice: 817-348-8325
Fax: 817-348-8328

ATTORNEY FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

_____
Jerry J. Jarzombek
Texas Bar No. 10589050

714 W. Magnolia Avenue
Fort Worth, Texas 76104
Voice: 817-348-8325
Fax: 817-348-8328

ATTORNEY FOR PLAINTIFF

**§JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Primo Sanchez

**DEFENDANTS**
Global Acceptance Credit Company, L.P.

(b) County of Residence of First Listed Plaintiff: **Tarrant**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jerry J. Jarzombek; The Law Office of Jerry Jarzombek, PLLC; 714 W. Magnolia Ave., Fort Worth, TX 76104  817-348-8325

Attorneys (If Known): 4-08CV-605-A

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692 et seq

Brief description of cause:
Unlawful debt collection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000.00 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 10/06/2008
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jerry Jarzombek

**FOR OFFICE USE ONLY**

RECEIPT # FW00708  AMOUNT $350.00  APPLYING IFP _____  JUDGE A  MAG. JUDGE _____